UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON,<br>　　　　Plaintiff,<br><br>v.<br><br>VANDIVIER MANAGEMENT, INC.,<br>RANDI JACKSON,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:12-cv-00114-SEB-DML<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This is a declaratory judgment action brought by Plaintiff Certain Underwriters at Lloyd's London ("Lloyd's") in which Lloyd's seeks a declaration that its insurance policy provides no coverage to Defendant Vandivier Management, Inc. ("Vandivier") for liability Vandvier may have incurred based on injuries sustained by Defendant Randi Jackson. Lloyd's also seeks a determination that it owes no defense to Vandivier in connection with the underlying lawsuit brought by Jackson against Vandivier in state court. Vandiver claims that Lloyd's is required to defend it in the underlying lawsuit because the insurer is potentially liable for any judgment against Vandivier. Typical of a declaratory judgment action brought to resolve a coverage dispute, the parties have filed cross motions for summary judgment.

### Background

Randi Jackson was injured in an automobile accident when the car in which he was a

passenger was hit by the car being driven by Krystal Devine, an employee of Vandivier. He has filed suit against Vandivier in state court, alleging that immediately prior to the accident Krystal Devine had been at work at one of Vandivier's liquor stores and had been served alcoholic beverages, despite being visibly intoxicated. Jackson claims that after she left the liquor store in her car, Devine, while under the influence of alcohol, caused the automobile accident for which Vandivier is liable under the doctrine of respondent superior. He also claims that Vandivier itself was negligent in the hiring, supervision and retention of Devine. Further, Jackson claims that Vandvier violated the Indiana Dram Shop Statute.

In the underlying state court lawsuit, Vandivier has admitted that Devine was one of its employees, but it asserts that she was acting outside the scope of her employment at the time of the auto accident and thus it is not liable under a respondent superior theory. Vandivier has sought a defense to the lawsuit from Lloyd's on the grounds that there may be coverage under the policy, and that such a possibility triggers Lloyd's obligation to defend.

*Relevant Provisions of the Insurance Policy*

The insurance policy issued by Lloyd's to Vandivier is referred to as "Check Cashers Package Insurance." The business liability coverage provided by this policy is described in Section III: "We will pay those sums the insured becomes legally liable to pay as damages because of 'bodily injury' 'property damage', or 'advertising injury' to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. ...." Section III also defines the term "insured" to include Vandivier's employees, "but only for acts within the scope of their employment ... . On the Declarations page, under "Optional Coverage,"

the policy states that it provides no hired and non-owned auto liability coverage, no employee benefits liability and no stop gap coverage.

Generally speaking, liability coverage is established by this type of insurance policy language unless the risk is specifically excluded. Thus, the parties to this litigation have focused their attentions on two exclusions set forth in the policy. The first provides an exclusion of coverage for:

> "[b]odily injury" or "property damage" for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale. gift, distribution or use of alcoholic beverages.

The second exclusion on which Lloyd's also relies bars coverage for bodily injury or property damage arising out of the use of any "auto" operated by an insured. However, because we find that the first exclusion, quoted above, bars coverage, we shall not address the merits of the second exclusion.

*Discussion*

In Indiana, an insurer's duty to defend is broader than its duty to indemnify and is determined from the allegations contained within the complaint against the insured as well as the facts known or ascertainable by the insurer with reasonable investigation. *Walton v. First American. Title Ins. Co.,* 844 N.E.2d 143, 147 (Ind.App. 2006). If the pleadings reveal that the claim is clearly excluded under the policy, then no defense is owed. *Id.* Our interpretation of the Lloyd's policy at issue reflects the principle that the court must seek to ascertain and effectuate the intent of the parties to the insurance contract and, in interpreting its terms, give any

unambiguous  language its usual and ordinary meaning.  *HemoCleanse, Inc. v. Philadelphia Indem. Ins. Co.*, 831 N.e.2d 259. 262 (Ind.App. 2005).

The "causing intoxication" exclusion has been construed previously by an Indiana court in *Property-Owners Ins. Co. v. Ted's Tavern, Inc.,* 853 N.E.2d 973 (Ind. App. 2006).  Because we find that case to be controlling, we include here a detailed discussion of its holding. The circumstances in *Ted's Tavern* also related to an automobile accident caused by an intoxicated driver accused of having been over-served.  There the insurer also sought a declaratory judgment holding that its policy did not provide coverage.  *Id.* at 976.

The underlying negligence action against the insured in *Ted's Tavern* was brought by the Estate of William Roland Stine, who had been killed in an auto accident caused by a patron of Big Jim's, the name under which Ted's Tavern, Inc. was operated.  The Court of Appeals described the underlying complaint and challenge by the insurer as follows [1]:

> Stine's complaint made the following allegations.  On the evening of April 24, 2003, Newman and Shaw were working at Big Jim's, which was owned by Snider. Between approximately 7:45 p.m. and 9:30 p.m., Newman and Shaw served a total of four Long Island Ice Teas to Alan Wickliff, a patron of Big Jim's.  Shortly after leaving Big Jim's, Wickliff drove his vehicle head-on into a car driven by William Roland Stine, who died as a result of the accident.  At the time of the collision, Wickliff was intoxicated and operating his vehicle with a blood alcohol level of .21.  Stine's complaint raised four counts: (I) negligence; (II) negligently hiring, training, and supervising employees; (III) violations of the Dram Shop Act;  and (IV) nuisance.
>
> On September 27, 2004, in Shelby Circuit Court, Property–Owners filed a declaratory judgment action against Big Jim's, Snider, Newman, Shaw, and Stine.

---

[1]Recounting the facts of this accident provides a sad reminder of the great loss to the state that resulted from the death of Mr. Stine, who at the time of the accident was returning home after a long day of fulfilling his official responsibilities as a Member of the Indiana Legislature.

> In that complaint, Property–Owners alleged that it had issued to Big Jim's the Policy, a Commercial General Liability Policy that was in force and effect on April 24, 2003. Property–Owners requested declarations with regard to the Shelby Superior Court action, specifically, that (1) the Policy provides no coverage for the potential liability of Big Jim's, Snider, Newman, and Shaw; (2) Property–Owners has no duty to defend; and (3) Property–Owners has no duty to pay any judgment that may be awarded to Stine.

The policy provision at issue in *Ted's Tavern* was the "causing intoxication" exclusion, the terms of which are identical to the policy which is before us for review. *Id.* at 978. On cross motions for summary judgment, the trial court in *Ted's Tavern* determined that the policy provided no coverage for the potential liability of the defendants with respect to the underlying claims in Counts I and III for negligence and dram shop law violations, and therefore the insurer was not obligated to defend or indemnify the defendants with respect to those two counts. *Id.* at 977. However, regarding the claims of negligent hiring, training, and supervising employees, as well as nuisance, the trial court found that the policy provided coverage and the insurer had a duty to defend and pay any judgment awarded on Counts II and IV. *Id*. The insurer appealed.

The Indiana Court of Appeals reversed the trial court's grant of partial summary judgment in favor of the insured. *Id*. at 984. In doing so, it held that the allegations in the underlying complaint made clear that the intoxication of the driver of the vehicle was the "predominating cause of the fatal collision." *Id.* at 982. In so ruling, the court relied upon two of its prior decisions which addressed "the efficient and predominate cause analysis" as applied to insurance policy exclusions. *See Wright v. American States Ins. Co.,* 765 N.E.2d 690, 692 (Ind. App. 2002) and *Illinois Farmers Ins. Co. v. Weigand*, 808 N.E.2d 180 (Ind.App. 2004). Applying the efficient and predominating cause analysis to the *Ted's Tavern* allegations, the

court determined that, in similar fashion to the negligence and dram shop violation claims, that the nuisance and negligent hiring, training and supervision claims should not have survived summary judgment, explaining as follows:

> Regardless of the theories of liability a resourceful attorney may fashion from the circumstances of this case, the allegations within Counts II and IV are general "rephrasings" of the core negligence claim for causing/contributing to Wickliff's drunk driving. *See Wright*, 765 N.E.2d at 695 (quoting *Northbrook Prop. & Cas. Co. v. Transp. Jt. Agreement*, 194 Ill.2d 96, 251 Ill.Dec. 659, 741 N.E.2d 253, 254 (Ill.2000)). The events outlined in Counts II and IV simply are not wholly independent of "carelessly and negligently" serving and continuing to serve alcoholic beverages to Wickliff when the defendants knew or should have known he was intoxicated and soon thereafter could be driving drunk. To the contrary, the nuisance and the negligent hiring, training, and supervision are so inextricably intertwined with the underlying negligence that there is no independent act that would avoid exclusion 2c. Hence, while a valiant effort to procure coverage, the creative pleading of Counts II and IV cannot hide the reality that the immediate and efficient cause of the injuries was drunk driving precipitated by the negligent service of alcohol.

*Ted's Tavern,* 853 N.E.2d 973, 983 (Ind.App. 2006).

In the case before us, in an effort to distinguish the *Ted's Tavern* holding, Vandivier argues in its response brief:

> Unlike the case here, *Ted's Tavern* involved a bar providing alcohol to one of its patrons. In this case, Vandivier was not a bar. Moreover, Devine was not a patron. Instead, Devine was an employee who is alleged to have obtained alcoholic beverages from her employer, Vandivier. The Jackson Complaint does not allege that Vandivier "may be held liable by reason of: . . . causing or contributing to the intoxication of [Devine]." This factual distinction is important because unlike in *Ted's Tavern*, the underlying plaintiff, or Jackson in this case, is able to allege common law negligence based upon facts that are wholly and completely independent from its claims regarding service of alcoholic beverages. "An insurer must defend an action even if only a small portion of the conduct alleged in the complaint falls within the scope of the insurance policy." *Worth v. Tamarack Am.*, 47 F.Supp.2d 1087, 1095 (S.D. Ind. 1999).

For purposes of our analysis, it is inconsequential that the intoxicated driver was an

-6-

employee of a liquor store rather than a patron of a tavern.  The underlying complaint makes it clear that it was the act of providing alcoholic beverages to Devine on which Jackson relies as the preponderate cause of his damages.  Though the Jackson complaint lacks a specific allegation that Vandivier is liable for "causing or contributing to (Devine's) intoxication," it does assert that Vandivier violated the Indiana Dram Shop Statute, which provides:

> (b) A person who furnishes an alcoholic beverage to a person is not liable in a civil action for damages caused by the impairment or intoxication of the person who was furnished the alcoholic beverage unless:
>
>> (1) the person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and
>> (2) the intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

We view this claim in the Jackson complaint in terms of the relief sought against Vandivier as sufficient to include the related claim that Vandivier is liable for causing or contributing to Devine's intoxication.  Thus, Vandivier cannot avoid summary judgment on the grounds that the underlying complaint is not specific enough to include its (Vandivier's) provision of alcohol to Devine.

In addition to the allegation that Devine was intoxicated at the liquor store while still being provided more alcohol, Vandivier contends that Jackson's complaint also alleges negligence, generally, as a basis for liability.  Vandivier cites to *Gariup Construction Co., Inc. v. Foster*, 519 N.E.2d 1224 (Ind. 1988), to assert the existence of a common law duty of reasonable care in addition to the statutory dram shop proscriptions.  We agree with Lloyd's that the existence of a common law duty is irrelevant, thereby transforming this argument into mere sophistry, for the

following two reasons: First, this argument ignores the fact that the efficient and predominate cause analysis is to be applied to the allegations of the underlying complaint as a whole. Any fair reading of those allegations here leads to the conclusion that Jackson is relying on Devine's having become intoxicated while at the liquor store as a basis for Vandivier's liability. Secondly, as the *Ted's Tavern* decision makes very clear, whether the injured party is pleading negligence or any other theory which "a resourceful attorney may fashion," if the predominate causal link to Jackson's damages is Vandivier's contributions to Devine's intoxication, as it is here, liability as well as the obligation to provide a defense are foreclosed by the terms of the policy. *Ted's Tavern,* 853 N.E.2d at 983. The exclusion excepts coverage for causing or contributing to a person's intoxication, based on either a statutory violation or the common law, or both.

*Conclusion*

For the reasons explicated in this entry, we GRANT Plaintiff Certain Underwriters at Lloyd's London's Motion for Summary Judgment (Dkt. #3) and DENY Defendant Vandivier Management, Inc.'s Cross-Motion for Summary Judgment (Dkt. #16). A separate final judgment shall enter in favor of Certain Underwriters at Lloyd's London.

IT IS SO ORDERED.

Date: 09/20/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert B. Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Robert J. Franco
FRANCO & MORONEY LLC
robert.franco@francomoroney.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Scott Owen Reed
FRANCO & MORONEY LLC
scott.reed@francomoroney.com

John F. Townsend III
TOWNSEND & TOWNSEND
townsendlawfirm@sbcglobal.net